[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In this action the plaintiff seeks to foreclose a mortgage which secures a promissory note (the "Note") dated August 1, 1991 signed by the defendant Medina K. Tyson, a/k/a Medina Jett, in the original principal amount of $90,250. In support of the Motion for Summary Judgment the plaintiff has presented an affidavit which alleges the execution of the mortgage deed and Note by the defendant, that the mortgage deed and Note are currently owned and held by the plaintiff, that the defendant has failed to pay the monthly installments due under the Note since March 1, 1995, and that the plaintiff has exercised its option to declare the entire balance of the Note due.
In opposition to the Motion for Summary Judgment the defendant, who is an attorney, has submitted two affidavits signed by herself. The first affidavit is dated September 4, 1996 and alleges that the "plaintiff misrepresented material facts which induced me to enter a mortgage note with the plaintiff." The second affidavit is dated September 19, 1996 and states that the plaintiff was the owner of the mortgaged property from whom the defendant purchased the property and "plaintiff told me that the [mortgaged] property had recently been appraised and that it had a fair market value of $125,000 and that they would sell it to me for $95,000." It further states:
 8. I would not have entered a note with the plaintiff but for this representation regarding the appraised value of the property. CT Page 1105
 9. I later learned that the property had not appraised at $125,000 as the plaintiff had represented.
Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991); Lees v.Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burnsv. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309,407 A.2d 971 (1978); Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batickv. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982); New MilfordSavings Bank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226
(1995).
The parties have devoted a large part of their arguments to the status of the pleadings. It appears that on June 10, 1996 this court, Freed, J. granted a Motion to Strike the defendant's two part counterclaim. As of the date of the Motion for Summary Judgment the defendant had not filed any other valid answer or counterclaims. She failed to file counterclaims within 15 days of the granting of the Motion to Strike, as required by Section 157 of the Practice Book. Therefore, any amended answer or counterclaims would have to be accomplished by request or motion. The plaintiff timely objected when the defendant filed a Request to Amend Answer on September 4, 1996. The court has not ruled on the objection and has not granted any motion to amend.
The foregoing pleading history notwithstanding, the existence of any counterclaims is not relevant to the Motion for Summary Judgment. A party opposing such a motion cannot rely on CT Page 1106 allegations in pleadings, but must submit admissible evidence which shows that there is a genuine issue of material fact. Book §§ 380, 381; Burns v. Hartford Hospital, 192 Conn. 451, 455,472 A.2d 1257 (1984).
Here the defendant does not deny that she executed the Note and mortgage deed, nor that she has failed to make a payment on the Note since May, 1995. Instead, she appears to claim that the plaintiff misrepresented the value of the mortgaged property to induce her to sign the Note and mortgage deed. Such a claim depends on some admissible evidence as to the value of the mortgaged property in August, 1991 when the defendant signed the Note and mortgage deed. The defendant has offered nothing but a statement that she became aware that the value of the property was not $125,000. The foregoing statement is clearly inadmissible hearsay and may not be considered in passing on a motion for summary judgment. Sheriden v. Board of Education,20 Conn. App. 231, 240 (1989). Moreover, that statement, even if admissible, does nothing to establish that the value of the mortgaged property was less than $125,000 on the date the defendant executed the Note.
The defendant has failed to establish her claim of misrepresentation by the plaintiff by any admissible evidence. Therefore, summary judgment as to liability only is granted against the defendant. By the court,
Aurigemma, J.