[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The Plaintiff, the State of Connecticut Department of Administrative Services, has moved for summary judgment in this action in which it seeks pursuant to Connecticut General Statutes § 17b-93 (formerly § 17-83e), to enforce its claim for reimbursement of public assistance from the defendant, Patricia Lindsay, a former beneficiary of aid from the state of Connecticut.
FACTUAL BACKGROUND
The following facts are not in dispute. Between July 1, 1968 and May 1, 1982, the defendant received public assistance from the State of Connecticut under the program Aid To Families With Dependent Children (AFDC). The total amount of reimbursable assistance granted to defendant was $34,970.61.
On March 2, 1994, Steadman Stephen Lindsay (the decedent) died leaving to the defendant all his right, title and interest in real property in Bloomfield, Connecticut(the "Property"). The Property is valued at $80,000. In September, 1995 this court, O'Neill, J., granted the plaintiffs application for prejudgment attachment of the Property. Thereafter, the defendant filed a petition to discharge the attachment on the ground that it was subject to the homestead exemption. The court denied the petition, holding that the defendant's debt to the state predated the homestead exemption. The court denied the petition, CT Page 1705 holding that the defendant's debt to the state predated the homestead exemption statute which did not have retroactive application.
In her Answer and Special Defense the defendant claims that 1) she is not liable for repayment of aid under Connecticut General Statutes § 17b-93 because she is a past beneficiary of public assistance as distinguished from a present beneficiary and that the repayment obligations of § 17b-93 may not be imposed on past beneficiaries, 2) she is not liable for repayment of aid because the estate failed to notify her of its intentions regarding its claims against her after-acquired property within thirty days of her purported request for such information, and 3) the value of her property, up to $75,000, is subject to a homestead exemption pursuant to Connecticut General Statutes §§ 52-352a and 52-352b and, therefore, cannot be liened.
The defendant has not filed an affidavit in opposition to the Motion for Summary Judgment, but she has filed an Objection to that Motion and a Memorandum in Support of that Objection. The Objection is based on the actions of the Bloomfield Probate Court and the actions of the state and the defendant in connection with the probating of the estate of the decedent. Those actions are not in dispute, but the legal effect of those actions is disputed.
In April, 1994 the defendant was appointed fiduciary of the estate of the decedent. By letter of June 29, 1994, Susan Bolduc, and investigator for the Administrative Services Department wrote a letter to the defendant as fiduciary of the estate which stated in pertinent part:
 The above heir [Patricia Lindsay] is or has been a beneficiary or is liable for a beneficiary of public assistance from the Department of Social Services, State of Connecticut.
 Under authority of Connecticut General Statutes 17-83e and 17-83f, the State has a claim against the distributive share of the above heir
[Patricia Lindsay]. Emphasis added.
The letter further stated that the amount due from Patricia Lindsay was $35,085.61, and informed Ms. Lindsay that the state had asked the Probate Court to advise it of all proceedings regarding the estate. CT Page 1706
In her opposition to the Motion for Summary Judgment the defendant incorrectly characterizes the June 29, 1994 letter quoted above as a claim against the estate of the decedent. The defendant further argues that the state's failure to object to the Probate Court's approval of the distribution of the Property to her constituted the Probate Court's "disallowance" of the state's claims against her.
RULING
Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991); Lees v.Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burnsv. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309,407 A.2d 971 (1978); Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batickv. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982); New MilfordSavings Bank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226
(1995).
Summary judgment should only be granted if the pleadings, affidavits and other proof submitted demonstrate that there is no genuine issue as to any material fact. Scinto v. Stam,224 Conn. 524, 530, cert. denied, 114 S.Ct. 176, 126 L.Ed.2d 136 (1993);Connel v. Colwell, 214 Conn. 242, 246 (1991).
Connecticut General Statutes § 17b-93 (a) (formerly § 17-83e) provides in pertinent part:
(a) If a beneficiary of aid . . . has or acquires property of any kind CT Page 1707 or interest in any property, estate or claim of any kind, the state of Connecticut shall have a claim subject to subsections (b) and (c) of this section, which shall have priority over all other unsecured claims and unrecorded encumbrances, against such beneficiary for the full amount paid, subject to the provisions of section 17b-94, and, in addition thereto, the parents of an aid to dependent children beneficiary shall be liable to repay, subject to the provisions of section 17b-94, to the state the full amount of any such aid paid to or in behalf of either parent, his spouse, and his child or children.
Section 17b-93 provides that a beneficiary of aid shall be liable to repay the state for all previous grants of public assistance, and, in addition thereto, confers on the state a nonconsensual statutory priority lien against all after-acquired property of the beneficiary subject solely to the limitations of Connecticut General Statutes § 17b-94. Thibeault v. White,168 Conn. 112, 117, 358 A.2d 358 (1975). That statute does not contain any thirty day notice provision concerning after-acquired property.
If the property acquired by the beneficiary is an inheritance from an estate, § 17b-94(b) limits the state's claim for repayment of public assistance as follows:
 In the case of an inheritance of an estate by a beneficiary of aid . . ., fifty percent of the assets of the estate payable to the beneficiary or the amount of such assets equal to the amount of assistance paid, whichever is less, shall be assignable to the state for payment of the amount due under section 17b-93.
In this case there is no dispute that the amount of reimbursable assistance received by the defendant is $34,970.61, or that the value of the Property is $80,000. Since fifty percent of the value of the defendant's after-acquired property ($40,000) exceeds the amount of unreimbursed assistance, the defendant is liable, pursuant to § 17b-93, without limitation, for the full amount of the assistance paid.
The defendant has interposed a defense that she has not received aid since 1982. That defense must fail, as a matter of law, on the ground that the obligations for repayment of aid imposed by § 17b-93 apply to both former and present beneficiaries of aid. Thibeault, supra, involved the unsuccessful attempt of a former beneficiary of aid to avoid repayment to the state from proceeds of property which was not after-acquired CT Page 1708 property within the meaning of § 17b-93. The Court discussed § 17-83e (now § 17b-93):
 The construction we place upon these statutes is in alignment with the underlying purpose for which they were intended — the recoupment of public assistance funds from those now able to make repayment. The legislature and the courts recognize that public assistance grants to those in need are a worthy necessity. No less necessary is the availability of funds to these programs and it is for this purpose that the legislature has enacted such provisions as those under consideration. This was recognized recently by the United States District Court for the district of Connecticut, discussing 17-83e and 17-83f in McDougald v. Norton, 361 F. Sup. 1325, 1328 (D. Conn.): "In view of the severe shortage of public assistance funds and the ever mounting demands on them, there is certainly a bona fide governmental interest in recouping such funds from persons who subsequently receive funds from other sources."
168 Conn. at 118 (emphasis added).
The defendant has not raised the homestead exemption in her Objection to Summary judgment. However, she has raised the homestead exemption as a special defense. Effective October 1, 1993, Connecticut's exempt property statute was amended byPublic Act 93-301, which established a homestead exemption up to the value of $75,000 in owner-occupied real property used as a primary residence. Connecticut General Statutes §§ 52 352b(t). Since its enactment, the homestead exemption statute has been construed as not applying retroactively to unsecured debts which arose prior to October 1, 1993. In re Gernat, U.S.D.C., No. 3:95CV1235 (GLG) (D.Conn., March 4, 1996); In re Duda, 182 B.R. 662,665 (D.Conn. 1995); Centerbank v. Associated Risk Services,Inc. 11 Conn. L.Rptr. 2, 57 (March 21, 1994, Booth, J.); Dunbarv. Dunbar, 10 Conn. L.Rptr. 18, 587 (February 21, 1994, Austin, J.).
In this case the defendant's obligation to reimburse the state for grants of assistance under the AFDC program arose between 1968 and 1982, when she received grants of public assistance. Thus, the debt in this case arose well before October 1, 1993.
The defendant has claimed that the plaintiff waived its right to pursue its claims against her because it failed to follow the procedures set forth in Connecticut General Statutes §§ 45a-399
CT Page 1709 and 45a-401 and because the plaintiff failed to appeal from the Probate Court's approval of the decedent's devise to the defendant. These arguments are unavailing because they mischaracterize the nature of the plaintiff's claim and are based on the incorrect assertion that such claim was against the estate of the decedent.
There is no dispute that the defendant was appointed the fiduciary of the estate of the decedent. However, the plaintiff never asserted any claim against the estate and never asserted any claim against the defendant in her fiduciary capacity. Therefore, the requirements of Connecticut General Statutes §§45a-399 and 45a-401, which apply only to claims against estates, are inapplicable here. Similarly, the defendant has mischaracterized the Probate Court's issuance of a Certificate of Devise as a "disallowance" of the plaintiff's claims against her individually.
Connecticut General Statutes § 45a-186 provides:
 [a]ny person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held. . .
In order to be aggrieved by an order of the Probate Court, there must be a possibility that the Probate Court decision has adversely affected a legally protected interest of the appellant in the estate. Erisoty's Appeal From Probate, 216 Conn. 514, 519,582 A.2d 760 (1990). In this case the state had no interest in the estate. Moreover, any interest the state had was not adversely affected by the Probate Court's approval of the defendant's inheritance of the Property. The state's claim against the defendant was advanced by the Probate Court's issuance of the Certificate of Devise.
Since there is no dispute that the defendant was the recipient of state assistance, or that the defendant inherited property valued at $80,000, the defendant is liable to repay the amount of aid, $34,970.61, to the state. For the foregoing reasons the Motion for Summary Judgment is granted.
By the court, Aurigemma, J. CT Page 1710