[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT BYDEFENDANT COMER CONTRACTING, INC.
The Amended Complaint of February 7, 1996 alleges that the plaintiff sustained injuries when she caught her foot in a trench and fell after exiting the premises of her employer, New Horizons, Inc., in Unionville, Connecticut on August 29, 1993. The First and Second Counts of the Complaint are directed to the defendant L.J. Electric Co., Inc. They allege that L.J. Electric was negligent First Count) and reckless (Second Count) in that it dug the trench in May of 1993. The Fourth and Fifth Count of the Complaint are directed at New Horizons Village Health Care Facility and allege that New Horizons was reckless (Fourth Count) and intentionally inflicted emotional distress on the plaintiff (Fifth Count) by virtue of its failure to repair or put barricades around the trench.
The Third Count of the Complaint is directed to Comer Contracting, Inc. and alleges in relevant part:
 4. In or around July and August of 1993 Comer did repair work to the parking lot at the New Horizons facility and upon information and belief, Comer and its employees, servants, and/or agents were instructed to fill in a ditch in the parking lot that had been left open by L.J. Electric after wiring to the outside lights were installed.
The Third Count further alleges that Comer was negligent in that, among other things, it failed to properly grade or fill the trench, and failed to post warning signs or other barriers around the trench. CT Page 5449
Comer has moved for summary judgment on the grounds that its duty with respect to the trench in question did not arise until August 30, 1993, the day after the plaintiff fell. Neither the plaintiff nor the intervening plaintiff has presented any evidence that Comer had any duty with respect to the trench prior to August 30, 1993. Therefore, the court agrees that summary judgment should enter in favor of Comer Contracting, Inc.
Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991); Lees v.Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burnsv. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309,407 A.2d 971 (1978); Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batickv. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982); New MilfordSavings Bank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226
(1995).
Summary judgment should only be granted if the pleadings, affidavits and other proof submitted demonstrate that there is no genuine issue as to any material fact. Scinto v. Stam,224 Conn. 524, 530, cert. denied, 114 S.Ct. 176, 126 L.Ed.2d 136 (1993);Connel v. Colwell, 214 Conn. 242, 246 (1991).
In support of the Motion for Summary Judgment Comer has presented a transcript of the deposition testimony of John Gleason, the manager of New Horizons, in which he states that Comer was scheduled to start work to repair the trench on August 30, 1993. It has also presented the affidavit of Martin Comer, president of Comer Contracting, Inc., in which Mr. Comer states CT Page 5450 that on or about August 27, 1993 he went to the site at New Horizon Village and inspected the parking lot and gave Mr. Gleason an estimate and that several days later Mr. Gleason called him and they agreed that the starting date for the repairs would be August 30, 1993. Comer began the repairs on August 30, 1993 and finished them on September 1, 1993.
The plaintiff claims that a material issue of fact exists because at his deposition Mr. Gleason admitted that it "was ironic" that Comer commenced doing repair work one day after the plaintiff fell. She also claims that due to the temporal proximity of the date on which Comer inspected the trench for the purpose of giving an estimate, the date of the fall, and the date of the repair, that the jury is free to believe that Comer "had taken some responsibility for the job site" prior to the date on which it commenced work on the trench.
The court does not agree that the jury can infer any duty by Comer absent some evidence of that duty. Inference does not supply the place of evidence of material facts and does not shift the burden of proof so as to relieve the party upon whom it rests of the necessity of establishing a prima facie case. Beers v.Bayliner Marine Corporation, 236 Conn. 769, 779, 675 A.2d 829
(1996).
The party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burnsv. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). Neither the plaintiff nor the intervening plaintiff has presented any evidence disclosing that any contractual or other duty required Comer to take any action with respect to the trench prior to August 30, 1993. Therefore, they have failed to disclose the existence of a genuine issue of material fact.
For the foregoing reasons, summary judgment may enter on the Third Count in favor of Comer Contracting, Inc.
By the court,
Aurigemma, J. CT Page 5451