[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiffs have moved for summary judgment as to liability only on both Counts of the complaint in this action in which they assert that the defendant, Cheryl Gray, a former news reporter for the plaintiff, WVIT, Inc., violated Connecticut General Statutes § 52-570d (Count One) and engaged in invasion of privacy (Count Two) when she surreptitiously tape-recorded telephone and face-to-face conversations with various WVIT personnel.
Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991); Lees v.Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R.Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908
(1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burnsv. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must CT Page 10194 view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309,407 A.2d 971 (1978); Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batickv. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982); New MilfordSavings Bank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226
(1995).
Summary judgment should only be granted if the pleadings, affidavits and other proof submitted demonstrate that there is no genuine issue as to any material fact. Scinto v. Stam,224 Conn. 524, 530, cert. denied, 114 S.Ct. 176, 126 L.Ed.2d 136 (1993);Connell v. Colwell, 214 Conn. 242, 246 (1991).
Section 380 of the Connecticut Practice Book provides that "[t]he adverse party prior to the day the case is set down for short calendar shall file opposing affidavits and other available documentary evidence." This court (Berger, J.) granted the defendant an extension of time in which to file opposition to the Motion. However, on the date on which the Motion was scheduled for argument, the defendant had still filed nothing in opposition to the Motion for Summary Judgment.
The plaintiffs have submitted testimony of Cheryl Gray in which Gray admits that she taped conversations with other employees of WVIT and Schwaid both in person and on the telephone without their knowledge or permission. Gray has submitted no evidence. Therefore, for the purposes of this Motion, the court must conclude that there is no material issue of fact.
Connecticut General Statutes § 52-570d provides, in pertinent part:
 (a) No person shall use any instrument, device or equipment to record an oral private telephonic communication unless the use of such instrument, device or equipment (1) is preceded by consent of all parties to the communication and such prior consent either is obtained in writing or is part of, and obtained at the start of, the recording, or (2) is preceded by verbal notification which is recorded at the beginning and is part of the communication by the recording party, or (3) is accompanied by an automatic tone warning device which automatically produces a distinct signal that is repeated at intervals of approximately fifteen seconds during the CT Page 10195 communication while such instrument, device or equipment is in use.
By taping telephone conversations without the knowledge or consent of the person being taped, Cheryl Gray has violated §52-570d. Summary judgment may enter on the First count as to liability only.
The question of whether summary judgment may properly enter on the Second Count is more difficult. That count alleges that Gray's actions constituted an invasion of privacy based upon an unreasonable intrusion into seclusion. Connecticut has recognized an invasion of privacy claim based upon an unreasonable intrusion into seclusion. See e.g. Goodrich v. WaterburyRepublican-American, Inc, 188 Conn. 107, 438 A.2d 1317 (1982). Under the Restatement (Second) of Torts, which Connecticut courts have adopted, "one who intentionally intrudes physically or otherwise upon the solitude or seclusion of another or its private affairs or concerns is subject to liability to the other for invasion of privacy, it the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652b (1977); Venturi v. Savitt, Inc., 191 Conn. 588, 591,468 A.2d 933 (1983); Goodrich v. Waterbury Republican-American,Inc., supra, at 126-128.
Arguably, whether Gray's secret tape recording "would be highly offensive to a reasonable person" is a question of fact for the trier. However, this court (Lavine, J.) has ruled in this case that Gray's actions were "an affront to the average person's sense of dignity" and a transgression of "boundaries that deserve[d] to be respected." WVIT, Inc. et al v. Gray, No. CV 9505476689S, 18 CONN. L. RPTR. 203, 1996 WL 649334 at *4. Judge Lavine further concluded that Gray's conduct "would be highly offensive no matter where it occurred and no matter what it related to." That is because "[i]t is the fact of surreptitiously monitoring a fellow employee in and of itself that constitutes the intrusion on that employee's privacy under the circumstances of this case. The intrusion here is on the "person" of the employee, irrespective of content." Id. Thus, this court has found that Gray's conduct was highly offensive to a reasonable person as a matter of law. On the basis of that ruling coupled with Gray's failure to timely submit anything in opposition to the Motion for Summary Judgment, summary judgment may enter as to liability only on Count Two.
By the court, CT Page 10196
Aurigemma, J.