NEW MILFORD SAVINGS BANK *v.* R. RICHARD
ROINA, TRUSTEE, ET AL.
(12342)

LANDAU, SCHALLER and SPEAR, Js.

Argued March 21—decision released June 20, 1995

*Peter J. Ottomano,* for the appellants (defendants).

*Vincent P. McCarthy,* with whom, on the brief, was *Joseph P. Secola,* for the appellee (plaintiff).

LANDAU, J. In this foreclosure action, the defendants R. Richard Roina as trustee, John R. Fiore, Charles A. Fiore and Pat J. Cutrone (defendants) appeal from the judgments of the trial court granting the plaintiff's motion for summary judgment on the defendants' counterclaim and granting the plaintiff's motion for a deficiency judgment and supplemental judgment. The defendants claim that the trial court improperly granted summary judgment on their counterclaim. They also claim that General Statutes § 49-28,[1] pursuant to which the trial court rendered the deficiency judgment, violates the due process clause of the federal and state constitutions. We affirm the judgments.

In 1987, the defendants sought land acquisition and road construction financing from the plaintiff for the purpose of purchasing a tract of land in Southbury and developing subdivisions thereon. A representative of the plaintiff informed the defendant that its procedure for financing the development of subdivisions was to

---

[1] General Statutes § 49-28 provides: "If the proceeds of the sale are not sufficient to pay in full the amount secured by any mortgage or lien thereby foreclosed, the deficiency shall be determined, and thereupon judgment may be rendered in the cause for the deficiency against any party liable to pay the same who is a party to the cause and has been served with process or has appeared therein, and all persons liable to pay the debt secured by the mortgage or lien may be made parties; but all other proceedings for the collection of the debt shall be stayed during the pendency of the foreclosure suit, and, if a deficiency judgment is finally rendered therein, the other proceedings shall forthwith abate. If the property has sold for less than the appraisal provided for in section 49-25, no judgment shall be rendered in the suit or in any other for the unpaid portion of the debt or debts of the party or parties upon whose motion the sale was ordered, nor shall the same be collected by any other means than from the proceeds of the sale until one-half of the difference between the appraised value and the selling price has been credited upon the debt or debts as of the date of sale; and, when there are two or more debts to which it is to be applied, it shall be apportioned between them."

provide financing for the land acquisition first and, in a second phase, to accept an application for refinancing to provide funds for road construction. On November 2, 1987, the plaintiff issued a revised commitment letter to the defendants for a land acquisition loan in the amount of $2,340,000. In 1989, the plaintiff denied the defendants' refinance application. The defendants thereafter defaulted on the first mortgage and the plaintiff commenced an action seeking to foreclose the defendants' interest in the Southbury parcel of land.

## I

The defendants first claim that the trial court improperly granted the plaintiff's motion for summary judgment as to their counterclaim. Following the filing of the plaintiff's complaint, the defendants filed a counterclaim alleging breach of an oral agreement, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. After the trial court severed the actions, the foreclosure action proceeded to judgment of foreclosure by sale. The court thereafter granted the plaintiff's motion for summary judgment on the defendants' counterclaim.

In support of their claim that summary judgment was improper, the defendants argue that a genuine issue of material fact existed concerning the bank's good faith and fair dealing with respect to their refinancing application. The defendants assert that their application was denied in bad faith in that the plaintiff's officers manipulated the appraisal of the property. The plaintiff responds that the defendants pleaded a breach of an oral agreement, not a bad faith denial. The plaintiff asserts that because no issue of material fact regarding the breach of an oral agreement existed, it was entitled to summary judgment. At the hearing on

the summary judgment motion, the defendants changed the tenor of their argument and claimed for the first time a bad faith denial of their refinancing application. In the course of that hearing, the defendants admitted that no oral agreement existed. The plaintiff now argues that because the defendants never moved to amend their counterclaim to include allegations supporting a bad faith denial claim, they were compelled to litigate the breach of an oral agreement claim. Further, because the defendants admitted that no oral agreement existed, the trial court correctly granted summary judgment on the counterclaim.[2] We agree with the plaintiff.

"The standard for appellate review of a trial court's decision to grant a summary judgment motion is well established. Practice Book § 384 provides that summary judgment 'shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 780–81, 595 A.2d 334 (1991); *Lees* v. *Middlesex Ins. Co.*, 219 Conn. 644, 650, 594 A.2d 952 (1991). ' " ' 'Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there

---

[2] The defendants brought their counterclaim in four counts: breach of an oral agreement to lend money; breach of the implied covenant of good faith and fair dealing; breach of fiduciary duty; and a violation of CUTPA. The defendants abandoned the third count at the summary judgment hearing. There is no dispute that the first count provides the factual predicate for the remaining counts of the counterclaim. If, in fact, there was no oral agreement to lend money, or if there was no genuine issue before the trial court regarding the existence of such an oral agreement, summary judgment was proper as to all counts of the counterclaim.

is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; *Burns* v. *Hartford Hospital*, [192 Conn. 451, 455, 472 A.2d 1257 (1984)]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party. *Town Bank & Trust Co.* v. *Benson*, 176 Conn. 304, 309, 407 A.2d 971 (1978).' *Strada* v. *Connecticut Newspapers, Inc.*, 193 Conn. 313, 317, 477 A.2d 1005 (1984). 'The test is whether a party would be entitled to a directed verdict on the same facts.' *Batick* v. *Seymour*, 186 Conn. 632, 647, 443 A.2d 471 (1982)." ' *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, supra, 781, citing *Connell* v. *Colwell*, 214 Conn. 242, 246–47, 571 A.2d 116 (1990)." *Trotta* v. *Branford*, 26 Conn. App. 407, 409–10, 601 A.2d 1036 (1992).

"The purpose of a complaint [or counterclaim] is to limit the issues at trial, and it is calculated to prevent surprise. *Farrell* v. *St. Vincent's Hospital*, 203 Conn. 554, 557, 525 A.2d 954 (1987). It must provide adequate notice of the facts claimed and the issues to be tried. *Tedesco* v. *Stamford*, 215 Conn. 450, 459, 576 A.2d 1273 (1990). In order to surmount a motion for summary judgment, a party must demonstrate that there exists a genuine issue of material fact. *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, supra, [219 Conn. 781], citing *Connell* v. *Colwell*, [supra, 214 Conn. 246–47]. Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 378–79, 260 A.2d 596 (1969). A material fact is one that will make a difference in the result of the case. *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990). To establish the existence of a material fact, it is not enough for the

party opposing summary judgment merely to assert the existence of a disputed issue. *Daily* v. *New Britain Machine Co.*, 200 Conn. 562, 569, 512 A.2d 893 (1986); *Lopez* v. *United Nurseries, Inc.*, 3 Conn. App. 602, 606, 490 A.2d 1027 (1985). Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. *Kakadelis* v. *DeFabritis*, 191 Conn. 276, 281, 464 A.2d 57 (1983). Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact on a motion for summary judgment. *Paine Webber Jackson & Curtis* v. *Winters*, 13 Conn. App. 712, 721, 539 A.2d 595, cert. denied, 200 Conn. 803, 545 A.2d 1100 (1988). 'The issue must be one which the party opposing the motion is entitled to litigate under [its] pleadings and the mere existence of a factual dispute apart from the pleadings is not enough to preclude summary judgment.' *Shuster* v. *Buckley*, 5 Conn. App. 473, 477, 500 A.2d 240 (1985)." *Trotta* v. *Branford,* supra, 26 Conn. App. 412–13.

A review of the defendants' counterclaim reveals that they alleged facts supporting a claim that the plaintiff made and breached an oral agreement to finance the second phase of the project. Nowhere in the counterclaim can we find allegations to the effect that the plaintiff or its representatives manipulated appraisal reports so as to justify a bad faith denial of the refinancing application. As the defendants themselves acknowledge, the two claims are distinct and, consequently, require different factual allegations. Despite the contents of their counterclaim, which they never amended, the defendants argued at the summary judgment hearing that a genuine issue of material fact as to a bad faith denial existed. Because the defendants made no allegations as to this issue, however, we conclude that there was no genuine issue of material fact as to the bank's good faith and fair dealing that should have been resolved at trial. Moreover, in that the defendants con-

ceded that no oral agreement existed, they presented no evidence to the trial court from which it could have warrantably inferred the existence of a genuine issue of material fact that the defendants were entitled to litigate. The trial court properly granted the plaintiff's motion for summary judgment.

## II

The defendants' second claim, an attack upon the constitutionality of § 49-28[3] as applied by the trial court in this case, is unavailing in light of our Supreme Court's ruling in *New England Savings Bank* v. *Lopez*, 227 Conn. 270, 630 A.2d 1010 (1993). The defendants' argument here is identical to the one pressed in *Lopez*—that due process requires that before a deficiency judgment is rendered pursuant to § 49-28, an evidentiary hearing must be held to establish the fair market value of the mortgaged property when foreclosure is by sale and the only bidder is the mortgagee. The *Lopez* court held that "state law does not provide a basis for a substantive due process interest in the fair market value of property sold at a foreclosure sale. Absent such a substantive interest, the defendants' procedural due process claim must fail." Id., 282.

The defendants here make their argument under both the federal and state due process clauses. Although the court's reasoning in *Lopez* was premised on the fourteenth amendment to the United States constitution, our Supreme Court has held that "the due process provisions of the state and federal constitutions generally have the same meaning and impose similar constitutional limitations." *Keogh* v. *Bridgeport*, 187 Conn. 53, 59–60, 444 A.2d 225 (1982). Consequently, we conclude that the defendants' second claim is without merit.

The judgments are affirmed.

In this opinion the other judges concurred.

---

[3] See footnote 1.