[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (No. 116)ON DEFENDANT'S COUNTERCLAIMS
A. FACTS:
The Arthur Noll Agency, herein the Agency or the plaintiff, owned by Arthur Noll, herein the plaintiff, filed an action against Edgar W. Schade, herein the defendant, for breach of a non-competition clause in the defendant's employment contract with Hilb, Rogal Hamilton of Hartford, herein HRH. The plaintiff alleges that the defendant entered into the employment contract with HRH on June 25, 1992. The plaintiff alleges that it is the beneficiary of the non-competition CT Page 997 clause, by virtue of the plaintiff's repurchase of the Agency from HRH during May 1994.[1] After the original sale to HRH, Arthur Noll became an employee of HRH at the Bloomfield office. On June 25, 1992, Arthur Noll was the defendant's boss. On May 15, 1993, the defendant terminated his employment with HRH. On or about May 1994, following his termination, the defendant sold insurance to LaFlamme Landscaping, a former client of HRH. Plaintiff alleges the sale of commercial insurance to LaFlamme was a breach of the non-competition clause of the defendant's employment contract. The defendant has filed a counterclaim against the plaintiff for commissions allegedly owed to the defendant. The defendant alleges that the commissions were earned when he was an employee of HRH while Arthur Noll was his boss. The defendant alleges that the plaintiff negotiated the commissions with him and was aware they were outstanding at the time of the Agency's repurchase by the plaintiff.
B. DISCUSSION:
"[A]ny party may move for summary judgment upon any counterclaim . . . as if it were an independent action." (Internal quotation marks omitted.). Miller v. Bourgoin, 28 Conn. App. 491,500, 613 A.2d 292 (1992). "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Miller v. United Technologies Corp. ,233 Conn. 732, 745, 660 A.2d 810 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.). Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98
(1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarezv. Dickmont Plastics Corp. , 229 Conn. 99, 105, 639 A.2d 507
(1994); Miller v. United Technologies Corp. , supra 233 Conn. 744. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted, internal quotation marks omitted.). New Milford SavingsCT Page 998Bank v. Roina, 38 Conn. App. 240, 244, 659 A.2d 1226
(1995); Suarez v. Dickmont Plastics Corp. , supra 229 Conn. 105.
The plaintiff alleges in its motion for summary judgment and supporting memorandum that the defendant's counterclaims are against the wrong party. The plaintiff alleges that the defendant's only cause of action for outstanding commissions are against HRH since the commission agreement is between HRH and the defendant. Further, plaintiff argues, the commission agreement was created prior to its re-acquisition of the Agency, and thus, it is not binding on the plaintiff because the plaintiff did not purchase the Agency's liabilities when it purchased the assets.
The moving party, which is the plaintiff, bears the burden of showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. In this court's opinion, the plaintiff has failed, in its burden, to establish the relevant terms of the plaintiff's repurchase of its former business, including the Carabetta accounts, which is the basis of the defendant's counterclaim against the plaintiff. Since the defendant has questioned the nature and exact terms of the repurchase, i.e. whether the purchase included all aspects of the account upon which the defendant alleges the commission is outstanding, the court is left with a material question of fact as to the contents of the purchase agreement. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." New Milford SavingsBank v. Roina, supra 38 Conn. App. 244. Therefore, it is decided, taking the defendant's allegations in the light most favorable to him that a genuine question of a material facts exists and the plaintiff's motion for summary judgment should be denied.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the plaintiff's motion for summary judgment, ought to be and is hereby denied.
It is so ordered,
ARENA, J. CT Page 999