[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
I. Factual and Procedural Background
On March 22, 1997, Paul S. Constantinou and FULL Anthony S. Constantinou (hereinafter the "plaintiffs") brought a complaint in two counts against Westbrook Associates, Walter J. Lewis, Jr., William C. Woods, Kenneth A. Zak, and Paul R. Kraus (hereinafter CT Page 2144 the "defendants"). Count one alleges slander of title. Count two alleges a violation of General Statutes § 42-110b et seq. (CUTPA).
This action arises out of an earlier action brought by Westbrook Associates against Paul S. Constantinou, Andrew Constantinou, and Anthony Constantinou for back rent and damages due and owing to Westbrook Associates on a property known as "28 Flat Rock Place" located in the town of Westbrook, County of Middlesex, State of Connecticut.[1] Westbrook Associates retained Paul R. Kraus (hereinafter the "defendant") to commence a civil action against the Constantinous. In accordance with his employ, the defendant filed a notice of lis pendens with the town of Westbrook on the above-mentioned property. The trial court (Lavine J.) after a hearing on the motion, granted the Constantinous motion to discharge the lis pendens.[2] Prior to the court's ruling, the Constantinous brought this action.[3]
In the action currently before this court, the plaintiffs allege that on May 5, 1995, they became the owners in fee of the property known as "28 Flat Rock Place". The plaintiffs allege that some time after May 5, 1995, the defendants, acting in concert with the defendant, Paul R. Kraus, recorded a notice of lis pendens against the above-mentioned property. The plaintiffs allege that the defendants filed the lis pendens without any right to do so, but merely to embarrass, hinder, harass, and extort money from the plaintiffs. As a result, the plaintiffs assert that they have been "greatly embarrassed in the free enjoyment, use and disposition of Plaintiff's property, and the interest of Plaintiffs is greatly depreciated and Plaintiffs greatly damaged by reason of the pretended claim of Defendants." The plaintiffs claim that they have been damaged by the defendant's actions in the amount of one million dollars.
On July 11, 1996, all the defendants, save for defendant Kraus were defaulted for failure to plead. On November 8, 1996, the remaining defendant filed an answer and a special defense.[4]
On January 16, 1997, the defendant filed a motion for summary judgment as to both counts of the plaintiff's complaint.[5] On February 20, 1997, the plaintiffs filed their objections to the defendant's motion for summary judgment.[6]
II. Discussion
CT Page 2145
In his motion, the defendant argues that this court should grant summary judgment in his favor on the grounds 1) that the slander of title claim is barred by the defense of privilege, 2) that the CUTPA claim is barred because the statute does not provide a private cause of action to a supposedly aggrieved party as against the actions of his or her opponent's attorney, and 3) that neither of the plaintiffs' claims are ripe for adjudication.
This court agrees with the defendant that the plaintiff may not bring a CUTPA claim against an attorney for his representation of an opposing party in an underlying cause of action and therefore grants the motion for summary judgment as to count two. This court denies the defendant's motion for summary judgment as to count one on the ground that Connecticut law does not provide absolute immunity from liability for an attorney who files a lis pendens in conjunction with an action affecting the interests of real property.
A. Summary Judgment, Generally
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Millerv. United Technologies Corp., 233 Conn. 732, 744-45, 660 A.2d 810
(1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986). "The party seeking summary judgment has the burden of showing the absence of any genuine issues as to all material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." (Internal quotation marks omitted.) Suarez v.Dickmont Plastics, Corp., 229 Conn. 99, 105, 639 A.2d 99 (1994);Miller, supra, 233 Conn. 744-45. "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213,217, 640 A.2d 89 (1994). "Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred." New Milford Savings Bank v. Roma,38 Conn. App. 240, 244, 659 A.2d 1226 (1995). CT Page 2146
A. Ripeness
The defendant raises in his motion and argues in his memorandum of law that he is entitled to summary judgment on the ground that the plaintiffs' claims in this action are not ripe for adjudication. Specifically, the defendant argues that the plaintiffs are seeking to litigate an "essentially anticipatory claim," and are seeking to litigate this claim in a way "which will greatly and wrongly damage and undermine" the defendant's ability to litigate the pending action in Middletown. However, the defendant has failed to provide this court with any Connecticut law which would entitle the defendant to judgment as a matter of law with regard to these issues. Accordingly, this court is not persuaded by the defendants' ripeness argument.
B. Count One: Slander of Title
The defendant argues that this court should grant his motion for summary judgment as to count one of the plaintiffs' complaint alleging slander of title on the ground that the filing of a lis pendens by an attorney is, or should be, absolutely privileged. The defendant contends that the plaintiffs have failed to allege any facts which would indicate that his actions in the underlying matter where anything other then mere representation of his client's interest in the action. As such, attorney Kraus contends that just as Connecticut attorneys are afforded absolute immunity from liability for allegedly defamatory communications in the course of judicial proceedings, so the republication of those proceedings in a notice of lis pendens by an attorney in the course of his employ should also be absolutely privileged. Indeed, the defendant points to a number of jurisdictions which do so hold.[7] The defendant admits, however, that Connecticut has not extended this privilege to the filing of a notice of lis pendens.
While the court is sympathetic to the defendant's argument, summary judgment is warranted only in those situations where there is no material issue of fact and the movant is entitled to judgment as a matter of law. This court is unable to extend the absolute privilege afforded to statements made in the course of judicial proceedings to the filing of a notice of lis pendens in actions affecting real property until directed to do so by an appellate court. CT Page 2147
C. Count two: CUTPA
As to count two of the plaintiffs' complaint, the defendant argues that the court should grant his motion for summary judgment on the ground that the Supreme Court, in Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 627 A.2d 374 (1995), has held that § 42-110g (CUTPA) does not provide a private cause of action against an attorney for that attorney's representation of an opposing party.[8] In Jackson, the plaintiff sued the defendant and his attorney alleging, inter alia, that they had violated CUTPA. The plaintiff's CUTPA claim asserted that (1) "the defendant's removal and sale of the plaintiff's mobile home caused substantial injury to the plaintiff; and (2) the defendants failed to provide her with notice twenty days before the sale of the mobile home and conducted the sale in a manner that was not commercially reasonable, as required by § 52-536a." Id. 722-23. The jury found for the plaintiff as against both of the defendants. Subsequently, the trial court, Leuba, J., granted the attorney defendant's motion to set aside the verdict, holding that CUTPA does not provide a cause of action against an attorney for the representation of a plaintiff's adversary in a prior action. Id. 723.
In affirming the ruling of the trial court, the Supreme Court stated that "[i]mposing liability under CUTPA on attorneys for their representation of a party opponent in litigation would not comport with a lawyer's duty of undivided loyalty to his or her client. This consideration compels a conclusion that the trial court properly determined that the plaintiff did not have the requisite relationship with [the defendant attorney] to allow her to bring suit against him under § 42-110g of CUTPA."Jackson, supra, 225 Conn. 729.
In this case, the plaintiffs have alleged no facts which would indicate to this court that the defendant acted in any other capacity than as an attorney for the opposing party in the underlying matter. In light of the Supreme Court's holding inJackson, this court finds that the defendant is entitled to summary judgment as a matter of law on count two of the plaintiffs' complaint in so far as CUTPA does not provide a private cause of action to a supposedly aggrieved party for the actions of his or her opponent's attorney.
III. Conclusion
CT Page 2148
This court finds that the defendant is entitled to summary judgment on count two of the plaintiffs' complaint on the ground that CUTPA does not provide a private cause of action to a supposedly aggrieved party against the actions of his or her opponent's attorney. This court denies the defendant's motion for summary judgment as to count one on the ground that Connecticut does not yet recognize an attorney's absolute immunity from liability for the filing of a lis pendens in a matter affecting the interests of real property.
Handy, J.