[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The third-party plaintiffs, Program Managers Inc. and John J. Ryan (hereinafter "PMI"), filed a third-party complaint on March 5, 1997 against the third-party defendants, Nelson Toub Insurance Group and Robert A. Nelson (hereinafter "Nelson Toub"), seeking indemnification for a judgment rendered against the third-party plaintiffs in the underlying action. On May 2, 1997, PMI filed a motion for summary judgment. Nelson Toub responded with a memorandum in opposition to the motion for summary judgment on June 6, 1997.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "[T]he moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact. . . ." Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994).
Practice Book § 204 requires that the movant file and serve a memorandum of law with the motion for summary judgment, briefly outlining the legal claims and pertinent authority.
In the present case, PMI fails to supply the court with the legal claims that it is asserting. PMI's motion consists only of boilerplate language regarding the standard for a summary judgment motion and a statement that Nelson Toub has "admitted" that PMI and Nelson Toub entered into an agreement in which Nelson Toub "agreed to provide to the original plaintiff's flood and earthquake coverage in the amount of $1,000,000.00 with a $50,000.00 deductible." PMI fails to establish the legal effect, if anything, this "admission" has on PMI's claim for indemnification. CT Page 9053
A further concern with PMI's motion is that the "admission" PMI refers to is found only in paragraph four of Nelson Toub's third-party complaint filed against another party. An allegation in a complaint does equate to an admission. "[U]nadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact on a motion for summary judgment." New Milford Savings Bank v. Roina,38 Conn. App. 240, 245, 659 A.2d 1226, cert. denied, 235 Conn. 915,665 A.2d 609 (1995). It follows that unadmitted allegations in the pleadings of a separate action also cannot serve as stand alone proof of the absence of a genuine issue as to any material fact on a motion for summary judgment. PMI fails to provide law to the contrary.
PMI also attaches, in support of its motion, an affidavit signed by one of the third-party plaintiffs, John Ryan. A party's conclusory statements, "in the affidavit and elsewhere," may not "constitute evidence sufficient to establish the existence of disputed material facts." Gupta v. New Britain General Hospital,239 Conn. 574, 583, 687 A.2d 111 (1996). It similarly follows that a party's conclusory statement in an affidavit may not constitute evidence sufficient to establish that there is no genuine issue of material fact.
Ryan's affidavit states that he "entered into an agreement with Nelson-Toub . . . in which . . . Nelson-Toub agreed to procure an insurance policy for [the original plaintiffs]" in this action. (Affidavit of John Ryan, ¶ 4.) Ryan further states: "Nelson called me [and] indicated . . . that VIK Brothers would write the coverage, including flood insurance for [the original plaintiffs]." (Affidavit of John Ryan, ¶ 5.) No additional proof of this agreement is provided by PMI. Ryan's statements are therefore conclusory and insufficient to establish the absence of a genuine issue of material fact. In short, PMI has failed to meet its burden of production.
Based on all of the above reasons, the third-party plaintiff's motion for summary judgment is denied.
Howard F. Zoarski Judge Trial Referee CT Page 9054