[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This is a civil action in which Melinda Diaz, a minor, ["plaintiff"] seeks to recover damages for personal injury due to her alleged exposure to lead-based paint while she resided in an apartment located at 17 Carpenter Street, Hartford, Connecticut. The plaintiff lived in the apartment from her birth in April 1993 through October 1994 and again from approximately January 1995 through October 1995. The defendants Jayesh and Usha Shelat and Sunil and Ragini Bhatt ["defendants"] are co-owners of the building which was purchased in 1989. The defendants have moved for summary judgment on the complaint.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal CT Page 3954 quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805-06,679 A.2d 945 (1996). "Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred." New Milford Savings Bank v. Roina,38 Conn. App. 240, 245, 659 A.2d 1226, cert. denied, 235 Conn. 915,665 A.2d 609 (1995).
The affidavits submitted in support of and in opposition to the motion for summary judgment establish the following undisputed facts: The defendants are co-owners of 17 Carpenter Street, Hartford, Connecticut, a six-unit apartment building. This is the only apartment building the defendants have owned. They purchased the building in March 1989. At that time, the City of Hartford conducted an inspection and the defendants were not informed that there was a lead paint problem in the building. The defendants never applied any lead paint to the interior of the building. Sunil Bhatt, one of the co-owners, has been involved in the management of the property since its purchase. Until October 1994, the defendants had no knowledge of the presence of lead-based paint in the apartment building.
Jessenia Diaz, the plaintiff's mother, began to reside at the property in approximately October 1992. She resided there with the minor plaintiff until October 1994 and again from approximately January 1995 to October 1995. During these time periods, the defendants never inspected or made any repairs to the building.
In October 1994, Sunil Bhatt was informed by one his tenants, Adrian Molina, that the plaintiff, who had been residing in Mr. Molina's unit, had been found to have elevated levels of lead in her bloodstream. Jessenia Diaz told Ragini Bhatt that there was lead paint in the apartment and that the plaintiff had an elevated lead level in October 1994. Neither Jessenia Diaz, anyone else living in the property or the landlords ever painted the interior of the unit.
In June 1995, the building superintendent hired several men off the street to paint the hallways and they painted over the existing paint without removing any pre-existing layers of paint. They left before the hallways were completed. The same superintendent was present when the Hartford Health Department inspected the plaintiff's apartment and the exterior and common areas. The landlords received a copy of the Health Department's CT Page 3955 inspection report in October 1994.
After learning about the plaintiff's elevated blood lead levels, Sunil Bhatt urged Adrian Molina and Jessenia Diaz to remove the plaintiff from the building for her own protection. They did not comply with the request. He also explored the possibility of having lead abatement procedures performed. The co-owners were unable to pay for such work. From October 1994 to October 1995 no efforts were made to cure the lead paint hazard.
The complaint dated April 19, 1995 contains seven counts alleging causes of action for: (1) negligence per se, (2) negligence, (3) absolute nuisance, (4) abnormally dangerous activity, (5) breach of implied warranty of habitability, (6) recklessness and (7) CUTPA.
First and Second Counts
At oral argument, the defendants conceded that issues of material fact exist with respect to the first and second counts alleging negligence per se and negligence. Accordingly, the motion for summary judgment as to those counts is denied.
Third and Fourth Counts
With respect to the third and fourth counts, alleging absolute nuisance and abnormally dangerous activity, respectively, this court has previously concluded, as a matter of law, that such claims cannot be maintained in lead paint cases.Lovick v. Nigro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 542473 (February 21, 1997, Lager, J.); Sanchez v. General Urban Corp. , Superior Court, judicial district of New Haven, Docket No. 378774 (February 6, 1997, Lager, J.). Accordingly, the motion for summary judgment as to the third and fourth counts is granted.
Fifth Count
As to the fifth count, alleging a breach of the implied warranty of habitability, this court concluded in Lovick, supra, that an affirmative cause of action for damages based on an implied warranty of habitability may be brought in lead paint cases. The allegations of the complaint in this case are similar to those found legally sufficient in Lovick.
CT Page 3956
However, even when viewed in the light most favorable to the plaintiff, there is no evidence, nor can it be inferred on the evidence submitted, that the defendants knew, either actually or constructively, of the existence of lead-based paint hazards in the apartment at the inception of the tenancy,[1] an essential element of the cause of action. See Thomas v. Roper,162 Conn. 343, 349-50, 294 A.2d 321 (1972), and cases cited therein. The defendants have denied any actual knowledge of the existence of lead-based paint on the premises before October 1994, well after the alleged tenancy commenced. The plaintiff has failed to provide an evidentiary foundation that demonstrates the existence of a genuine issue of fact regarding the defendants' constructive knowledge of such lead-based paint hazards within the apartment before she began to reside at the premises. Accordingly, the motion for summary judgment as to the fifth count is granted.
Sixth-Count
The sixth count of the complaint alleges that the defendants acted recklessly in doing nothing to prevent the plaintiff from suffering from further exposure to a lead hazard after receiving actual notice of the presence of a lead hazard on the premises. It is undisputed that the defendants did not have any lead abatement procedures performed, although they did urge Jessenia Diaz to remove the plaintiff from the building.
In order to state a claim for recklessness, it must be alleged that the defendants engaged in egregious conduct with the requisite state of mind for recklessness. Ayala v. Meehan,
Superior Court, judicial district of Windham at Putnam, Docket No. 049450 (January 27, 1998, Lager, J.). A failure to act, without more,[2] is not reckless conduct. Ayala, supra. Accordingly, the motion for summary judgment as to the sixth count is granted.
Seventh Count
The seventh count alleges a violation of General Statutes § 42-110a et seq. ("CUTPA"). The leasing of property containing lead paint in excess of statutory limitations has been found by this court and others to be a violation of public policy sufficient to state a claim under CUTPA. Lovick v. Nigro, supra, Superior Court, Docket No. 542473, and cases cited therein. The defendants claim that nevertheless this plaintiff cannot bring a CUTPA claim against them because neither she nor her mother CT Page 3957 Jessenia Diaz were their tenants,[3] although they do not dispute that they resided in the premises.
The absence of a lease between the minor plaintiff's mother and the defendants is not dispositive in this case. "[P]rivity, in the traditional contractual sense of an exchange of consideration between parties [is not] essential for standing under CUTPA [but] a claimant under CUTPA must possess at least some type of consumer relationship with the party who allegedly caused harm to him or to her." Jackson v. R.G. Whipple, Inc.,225 Conn. 705, 727, 627 A.2d 374 (1993). The plaintiff was not a casual visitor to the defendants' premises but rather resided in the building, in a rented apartment, for all but 3 months of the first 31 months of her life.[4] Although CUTPA itself does not define "consumer" as a resident of a leased apartment, under the circumstances here there are material issues of fact concerning whether the plaintiff has a consumer of the business activities of the defendants. Certainly, as co-owners of a six-unit residential apartment building, the defendants' business activities included not only the rental of the units in accordance with law, but also the maintenance and upkeep of the residential property in accordance with law.
Moreover, the statutes and regulations governing the abatement and management of toxic levels of lead impose a duty upon any owner of a dwelling "in which children under the age of six reside" without reference to a formal landlord-tenant relationship. General Statutes § 19a-111c; Regulations of Connecticut State Agencies § 19a-111-2. Recognition that a CUTPA claim can be premised on a violation of these statutes would be rendered meaningless if a formal landlord-tenant relationship between the plaintiff and the defendants were required to give the plaintiff standing. Proof that the defendants knew that the minor plaintiff was residing in the apartment leased by Molina and had been a long-term resident in that apartment may suffice to establish a consumer relationship between the plaintiff and the defendants for purposes of CUTPA in this case. Accordingly, the motion for summary judgment on the seventh count is denied.
Conclusion
In sum, the motion for summary judgment is denied as to the first, second and seventh counts. The motion for summary judgment is granted as to the third, fourth, fifth and sixth counts. CT Page 3958
LINDA K. LAGER, JUDGE