[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
In this personal injury action arising out of an automobile collision, the plaintiff, Michael Guliani ("Guliani") has moved for summary judgment against the defendant, Jane Bechold ("Bechold"). Guliani filed a memorandum in support of his motion and presented oral argument at a hearing on October 19, 1998. Bechold has not presented any pleading, affidavit, or argument in opposition to the motion. For the reasons set forth below, the motion for summary judgment is granted as to the claim of liability only, and the case shall proceed on the issue of damages.
Guliani's claim in his complaint is that while traveling on Interstate 95 in New Haven, he slowed his vehicle down because of traffic ahead of him and was hit from the rear by a vehicIe owned and operated by Bechold. He claims to have been injured as a result of the collision. CT Page 12071
In support of his motion for summary judgment, Guliani attached a portion of a statement from Bechold where she stated that while driving in stop-and-go traffic she may have looked away for a second. When she looked up she tried to stop her vehicle. In her response to Guliani's request for admissions, Bechold admits: 1) striking Giuliani's vehicle; 2) that there were no weather conditions that caused her to strike Giuliani's vehicle; 3) that there were no mechanical problems with her car that caused her to strike Giuliani's vehicle; 4) that there was nothing on the road surface that caused her to strike Giuliani's vehicle and 5) that her prior statement that she looked away from the road just prior to the collision was true. Such admitted facts are conclusively established. Martins v. Connecticut Light Power, 35 Conn. App. 212 (1994).
Based on this record, there is no genuine issue as to any material fact on the question of liability. While Bechold did plead a special defense that the collision was proximately caused by Giuliani's actions in suddenly stopping his vehicle, this claim has not been supported by any factual affidavit. Accordingly, this does not raise a factual issue sufficient to defeat summary judgment. See, New Milford Savings Bank v. Roina,38 Conn. App. 240, 245 (1995).
Although negligence cases are not generally well suited for summary judgment, Fogarty v. Rashaw, 193 Conn. 442, 446 (1984), this case is an exception. There is no genuine issue of material fact on the issue of liability, and summary judgment on that issue only shall enter in favor of Giuliani and against Bechold. See Practice Book § 17-51. The case shall proceed in the normal course on the issue of damages.
So Ordered at New Haven, Connecticut this 22nd day of October, 1998.
Devlin, J.