[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On November 23, 1998 the defendant, Dwayne Gordon filed a Motion for Summary Judgment alleging that there were no material facts in dispute regarding his liability in an automobile collision which occurred on September 13, 1996. The defendant filed a Memorandum in Support of his Motion for Summary Judgment, with an appended Affidavit. The plaintiff filed, only, a pleading entitled "Reply to Summary Judgment Motion" in which he states that he "ha[s] nothing to offer either in support of or in opposition to the Motion for Summary Judgment."
The pertinent facts are as follows. The plaintiffs were the operator and the passenger of a motor vehicle which was traveling in Hartford at approximately 10:00 p.m. when they were struck by a vehicle owned by the defendant. The operator of the defendant's vehicle drove through a traffic signal. The defendant filed an Answer and a Special Defense. The Special Defense alleged that the defendant was not responsible for the plaintiffs' injuries because "at the time of the accident alleged in the plaintiff's Complaint . . . his car had been stolen." Appended to the Defendant's Motion for Summary Judgment, he attests to the fact that he was the victim of a car-jacking on September 13, 1998, prior to the accident with the plaintiffs.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279
CT Page 15312 (1989). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like . . . The adverseparty prior to the day the case is set down for short calendarshall file opposing affidavits and other available documentaryevidence." Connecticut Practice Book, § 17-45. (Emphasis added).
"Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim withevidence disclosing the existence of such an issue." (Emphasis added.) Haesche v. Kissner, 229 Conn. 213, 217 (1994). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." 2830Whitney Avenue Corp. v. Heritage Canal Development Associates,Inc., 33 Conn. App. 563, 567 (1994). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." HeymanAssociates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,795 (1995). "[U]nadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact on a motion for summary judgment." New MilfordSavings Bank v. Roina, 38 Conn. App. 240, 245 (1995).
The defendant has sufficiently supported it Motion for Summary Judgment with an uncontested affidavit. Although negligence actions are generally not well suited for summary judgments and although there are unadmitted allegations in the pleadings as to Gordon's negligence, neither of these facts, alone, is sufficient to defeat the defendant's Motion for Summary Judgment. Unsupported conclusions are not enough to raise issues of disputed material facts. Gutpa v. New Britain General Hospital,239 Conn. 574, 583 (1996).
It was incumbent upon the plaintiff to provide this court with evidence which would be admissible at trial, to establish the existence of a conflict in facts. Without such proof, this court finds that there is no issue of material fact in dispute regarding the liability of the defendant Gordon. Therefore, this court grants defendant Gordon's Motion.
ANGELA CAROL ROBINSON CT Page 15313 JUDGE, SUPERIOR COURT