[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On November 2, 1998 the plaintiff, Carol Nash filed a Motion for Summary Judgment alleging that there were no material facts in dispute regarding the defendant's liability in an automobile collision which occurred on March 27, 1997. The plaintiff filed a Memorandum in Support of her Motion for Summary Judgment, with an appended Affidavit and a copy of the Answers to the Request to Admit provided by the defendant. The defendant neither filed an Objection to the Motion for Summary Judgment nor appeared to oppose the motion at oral argument.
The pertinent facts are as follows. The plaintiff was driving a car which was struck in the rear by the vehicle driven by defendant Campbell. Responding to the Request to Admit submitted by the plaintiff the defendant acknowledged striking the plaintiff's vehicle in the rear, while her car was stationary.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279
(1989). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like . . . The adverse party prior to the day the case is set down for short calendar shall file opposing affidavits and other available documentary evidence." Connecticut Practice Book, § 17-45.
"Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v.Kissner, 229 Conn. 213, 217 (1994). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." 2830 Whitney Avenue Corp. v. HeritageCanal Development Associates, Inc., 33 Conn. App. 563, 567
(1994). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. InsuranceCo. of Pennsylvania, 231 Conn. 756, 795 (1995). "[U]nadmitted allegations in the pleadings do not constitute proof of the CT Page 720 existence of a genuine issue as to any material fact on a motion for summary judgment." New Milford Savings Bank v. Roina,38 Conn. App. 240, 245 (1995).
The plaintiff has sufficiently supported her Motion for Summary Judgment with an affidavit and other supporting documentation. Although negligence actions are generally not well suited for summary judgments, this fact, alone, is insufficient to defeat the defendant's Motion for Summary Judgment.
This court finds that there is no issue of material fact in dispute regarding the liability of the defendant Campbell. Therefore, this court grants plaintiff Nash's Motion for Summary Judgment on the issue of liability.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT