[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff brings this action for injuries sustained in a motor vehicle accident on June 1, 1999 against Gensler, a CT Page 7039 firefighter in the City of Waterbury, and the City of Waterbury, for indemnification under Connecticut General Statutes §7-308.
The plaintiff alleges that Gensler was a paid or volunteer fireman of the City of Waterbury and, at the time of the alleged accident, he was performing fire duties in that he was returning directly from a parade. (Complaint, Third Count, ¶ 11.) The plaintiff has submitted no evidence that Gensler was involved in fire duties connected with the City of Waterbury fire department.
The City of Waterbury submitted two affidavits from James Trainor, who was the acting chief of the Waterbury Fire Department during all relevant times. Mr. Trainor avers that Mr. Gensler was not on duty as a firefighter and was not acting in the course of his employment at the time of the alleged accident. (Motion for Summary Judgment, Affidavit, ¶ 6.) Mr. Trainor also avers that the City of Waterbury had no connection with the parade that took place in the Town of Prospect and that no Waterbury firefighter was assigned or encouraged to attend that parade. (Defendant's Supplemental Memorandum, Affidavit, ¶ 5.)
Connecticut General Statutes § 7-314 (a) defines "fire duties" as including "duties performed . . . while going directly to or returning directly from fire drills or parades The legislative history makes it clear that this language was intended to extend cover to firemen "when on duty in response to fire alarms, at [parades] and drills, when testing equipment and responding to various emergencies connected with their firedepartment. . . ." (Emphasis added.) 10 H.R. Proc., Pt. 2, 1963 Sess., p. 856-57.
Although the plaintiff alleges that Gensler was performing fire duties, "unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact on a motion for summary judgment." New MilfordSavings Bank v. Roina, 38 Conn. App. 240, 245, 659 A.2d 1226, cert. denied, 235 Conn. 915, 665 A.2d 609 (1995). In addition, the deposition testimony of Clint Brandien, the Chief of the Prospect Fire Department is inadmissible because it is uncertified. See Practice Book § 380, now Practice Book (1998 Rev.) § 17-45. The City of Waterbury's affidavit testimony that Gensler was not on duty and that the fire department was not connected with the parade in the Town of Prospect is, therefore, uncontrovered. Therefore, no genuine issue of material fact CT Page 7040 exists and summary judgment is granted.
BY THE COURT
Gill, J.