[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#110)
 Facts
This matter comes before the court on the plaintiff's motion for summary judgment as to liability only.
On March 9, 1999, the plaintiff, John Carr, filed an amended two count complaint against the defendant, Thames Automation, Inc., seeking money damages and attorney's fees for the alleged breach of a commercial lease agreement by the defendant.
Count one alleges that the defendant, by and through its President, Stephen M. Wood, entered a lease agreement with the plaintiff on or about July 1, 1991, wherein the plaintiff agreed to lease the property located at 85 Lewis Street, New London, Connecticut to the defendant for commercial use. The lease provides in pertinent part: "Term: for the term of twenty-nine months at $4.00 per square foot NNN (NNN to reflect tenant's agreement to pay his pro-rata share of taxes, insurance, utilities and interior maintenance) from July 11, 1991 to terminate on December 10, 1993 for monthly rent of $1,734 per month NNN (for 5,200 square feet) through December, 1991 and $3,467 per month NNN (for 10,400 square feet) for the period of December 11, 1991 through December 10, 1993, payable monthly in advance by the 11[th] day of the month." Plaintiff's Exhibit A. The lease is signed by the plaintiff and Wood, in his capacity as president of the defendant corporation, Thames Automation, Inc.
The plaintiff further alleges that both parties later signed an addendum to the lease, dated June 20, 1995, wherein the defendant agreed to pay the plaintiff $5,271 in rent per month CT Page 12209 for the use of the property through June, 2000, as well as to pay all taxes, utilities, and interior maintenance of the property. The addendum explicitly states that "[t]his addendum by reference contains all terms and conditions of the original lease." Plaintiff's Exhibit B. Thereafter, the defendant allegedly failed to pay the rent from November 1, 1997 to date, and has also failed to pay any of the utilities and taxes on the property for the years of 1997 and 1998. The defendant also allegedly vacated the property early, on or about March 27, 1998, in violation of the terms of the addendum to the lease.
Count two alleges that the defendant has been unjustly enriched, since the defendant physically remained a tenant on the property until on or about March 27, 1998, and failed to pay rent from November 1, 1997 to the date the defendant vacated the property.
On March 18, 1999, the defendant filed an answer, special defenses and counterclaims. In its answer, the defendant expressly admits that it entered a commercial lease with the plaintiff, however, the defendant denies entering the subsequent addendum to the lease.
On April 21, 1999, the plaintiff filed a motion for summary judgment on the issue of liability only, along with a memorandum of law in support and a supporting affidavit. On April 30, 1999, the defendant filed an opposition to the plaintiff's motion for summary judgment and a memorandum of law in support.
On May 5, 1999, the plaintiff filed a second amended complaint, alleging the identical breach of contract and unjust enrichment claims as stated in his first amended complaint, and also alleging that there was an oral modification after the parties signed the addendum, modifying the rent from $5,271 per month to $3,450 per month. No additional pleadings have been filed by either party. As such, the court will regard the plaintiff's motion for summary judgment as applicable to the second amended complaint.
 Discussion
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal CT Page 12210 quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452,724 A.2d 481 (1999). "A material fact is one that would alter the outcome of the case." Southbridge Associates, LLC v. Garofalo,53 Conn. App. 11, 14, 728 A.2d 1114, cert. denied, 249 Conn. 919, ___ A.2d ___ (1999).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . ." (Citation omitted; internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 424, 727 A.2d 1276 (1999).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v. Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . ." (Citation omitted; emphasis added; internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998).
The plaintiff argues that under the lease and addendum entered into by the parties, the defendant agreed to pay rent, utilities and taxes through June, 2000. The plaintiff has attached his own affidavit stating that there was a lease entered into between himself and the defendant on July 11, 1991, and an addendum to the lease was signed on June 20, 1995. The affidavit further states that both the lease and addendum were signed by the plaintiff and Wood, who the plaintiff believed to be an officer of the defendant corporation at the times both the lease and addendum were signed. Additionally, the affidavit states that the defendant failed to pay rent from November 1, 1997 through March 31, 1998, and subsequently vacated the premises on or about March 27, 1998. The affidavit also states that the defendant has not paid taxes or utilities for either the years of 1997 or 1998. CT Page 12211
In further support of his motion for summary judgment, the plaintiff has submitted an uncertified form produced by Connecticut's Secretary of State which purports to show that Wood is the defendant corporation's President and Director.
In opposition, the defendant contends that: (1) it is not bound by the addendum to the lease because Wood was not acting in his capacity as a corporate officer at the time he signed the addendum; (2) it is not bound by the addendum to the lease because Wood lacked apparent authority to bind the defendant; (3) there are counterclaims alleging CUPTA violations which ought to be heard and decided on the merits; and (4) the plaintiff's motion for summary judgment is premature, since the plaintiff has filed an amended complaint and the defendant has not had adequate time to complete discovery.
Despite its contentions, however, the defendant has not submitted any evidence or counter-affidavits to rebut the plaintiff's motion for summary judgment. This court has previously held that "[w]hen a party moves for summary judgment `and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof.'" Morrissey v. Jesmac Distributors, Superior Court, judicial district of New London at Norwich, Docket No. 111986 (November 12, 1998, Mihalakos, J.), quoting Heyman Associates No. 1 v. Insurance Co. of Pennsylvania,231 Conn. 756, 795, 653 A.2d 122 (1995). In absence to proof to the contrary, the defendant's special defenses and counterclaims are without merit since they do not raise factual issues sufficient to defeat summary judgment. See New Milford Savings Bank v. Roina, 38 Conn. App. 240, 245, 659 A.2d 1226, cert. denied, 235 Conn. 915, 665 A.2d 609 (1995).
Looking specifically to the sufficiency of the plaintiff's affidavit and other proof submitted, the plaintiff has established that he entered a commercial lease agreement with the defendant, as represented by Wood, on July 11, 1991. This lease expired on December 10, 1993, however, the defendant remained in possession of the property and continued to pay rent as designated under the terms of the lease. The plaintiff has also established that on June 20, 1995, he entered an addendum to the lease with the defendant, again represented by Wood, thereby extending the lease for five years from that date and altering the monthly rent due. The addendum also incorporated all terms and conditions of the prior lease. Despite these agreements, the CT Page 12212 plaintiff has established that the defendant failed to pay rent from November 1, 1997 through March 31, 1998, and vacated the premises prematurely on or about March 27, 1998. The defendant has also allegedly failed to pay utilities and taxes due on the property for the years of 1997 and 1998. The defendant has not submitted an affidavit or any other evidence other than mere assertions of fact to contradict the plaintiff's allegations. As such, the defendant's factual assertions are unpersuasive and fail to demonstrate to this court that there is any genuine issue of material fact which acts to preclude granting the plaintiff's motion for summary judgment.
 Conclusion
Accordingly, the plaintiff's motion for summary judgment is granted as to the issue of liability only.
Mihalakos, J.