[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION # 118 SUMMARY JUDGMENT
The plaintiff, Meadow Publications, Inc., filed a two count complaint against the defendant, Avalon Inc. The plaintiff publishes Spotlight Magazine, a publication that reports on events occurring in New York, New Jersey, and Connecticut. The defendant operates a restaurant in Westport, Connecticut.
In its complaint, the plaintiff alleges that it contracted to advertise the defendant in Spotlight Magazine from October 1996 to September 1997 for fee. Additionally, the plaintiff asserts that the defendant failed to pay the "amounts due and owing for the months of March through September 1997." As a result, the plaintiff alleges that the defendant breached their contract and that the defendant has been unjustly enriched by the advertisements provided by the plaintiff.
Responding to the plaintiffs complaint, the defendant denies that it contracted to pay the plaintiff a monetary fee for advertising. The defendant contends that it entered into a barter agreement with the plaintiff whereby, the plaintiff would patronize the defendant's restaurant free of charge in exchange for the defendant's advertisements in Spotlight Magazine.
The plaintiff filed a motion for summary judgment on the ground that no genuine issue of material fact exists in the case. The plaintiff has filed the requisite memorandum of law along with supporting affidavits. See Practice Book § 17-45. In CT Page 13926 response, the defendant filed a memorandum in opposition to the plaintiffs motion for summary judgment. Subsequently, the plaintiff filed a reply brief.
A motion for summary judgment eliminates the futility of litigating a case involving no real issue of material fact.Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "The party seeking summary judgment has the burden of showing the non-existence of any material fact." Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995). On the other hand, the non-moving party must demonstrate the existence of an issue of material fact. Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins.Co., 245 Conn. 374, 381, 713 A.2d 820 (1998).
While the plaintiff supported its motion for summary judgment with affidavits and exhibits, the defendant failed to provide affidavits or any other evidence to contradict the plaintiffs evidence. "Although the party seeking summary judgment has the burden of showing the non-existence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, supra, 243 Conn. 554-55. The defendant's allegations in its answer and opposition to motion to summary judgment fail to constitute sufficient evidence to raise a material issue of fact. New Milford Savings Bank v. Roina,38 Conn. App. 240, 245, 659 A.2d 1226, cert. denied, 235 Conn. 915,665 A.2d 609 (1995) (holding "[u]nadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact on a motion for summary judgment.")
The plaintiff has sufficiently established that New York state law should govern this action. In its motion for summary judgment, the plaintiff provided a copy of the contract between the plaintiff and defendant that stipulated New York state law would govern disputes concerning the contract. If parties contract in good faith for a choice of law provision, the court will apply it. Elgar v. Elgar, 238 Conn. 839, 848, 679 A.2d 937
(1996). "It is settled that parties to a contract may expressly make the choice of law by which it is to be governed." HertzCT Page 13927Commercial Leasing Corp. v. Dynatron, Inc., 37 Conn. Sup. 7, 10,427 A.2d 872 (1980). In the present case, the defendant has offered no evidence that disputes that the New York choice of law provision should apply in this action. As a result, the court will apply the New York choice of law provision because it lacks any evidence that the parties contracted for the provision in bad faith.
Under New York state law, the plaintiff has demonstrated a prima facie case for breach of contract. In her affidavit, Susan Meadow established that the defendant contracted to have the plaintiff advertise its restaurant in Spotlight Magazine for a fee. Furthermore, Susan Meadow's affidavit sets forth that the defendant breached the aforementioned contract by failing to pay for the advertisements. Pursuant to New York state law, falling to make payments constitutes a breach of contract. See McMahan Company v. Bass, 673 N.Y.S.2d 19, 21 (1st Dept. 1998).
Demonstrating a prima facie case that the defendant breached its contract entitles the plaintiff to summary judgment. "If the affidavits and the other supporting documents are inadequate, then the courts is justified in granting the summary judgment, assuming that the movant has met his burden of proof" (Internal quotation marks omitted). 2830 Whitney Avenue Corp. v. HeritageCanal Development Associates, Inc., 33 Conn. App. 563, 569,636 A.2d 1377 (1994). Here, the plaintiff has met its burden of proof by submitting uncontroverted evidence that there was a breach of contract by the defendant.
Accordingly, the plaintiffs motion for summary judgment is granted.
So ordered.
KARAZIN, J.