[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Ruling on Motions for Summary Judgment (#s 179, 183)
 I
In this medical malpractice action, defendants Dr. David Purpora and Clinical Center for Neoplastic Diseases, P.C. move for summary judgment on counts one through four of the complaint. Because the plaintiff alleges liability of Clinical Center for Neoplastic Diseases, P.C. under the theory of respondeat superior as Pupora's employer, the resolution of this motion rests solely on the evidence against Purpora. (Complaint, Count Three, ¶ 3.)
The parties did not submit any evidence concerning Purpora's speciality, but it appears from the complaint that Purpora is an internist. (Complaint, Count One, ¶ 2.) The plaintiff's attempt to defeat the summary judgment motion rests on deposition testimony by his expert that Purpora "was responsible" for failure to intubate the plaintiff's decedent before a pulmonologist, Dr. Rodrigues, took over the case, and that it was Purpora's "duty to appraise [the plaintiff's decedent] of the seriousness of her illness, the likely outcome, and encourage her to accept [intubation]." The defendants rely on somewhat contrary portions of the deposition in which the expert states that he did not intend to offer any opinions concerning Purpora and that the responsibility for intubating the patient lay with the pulmonologist.
Even if the court credited the expert's statements that Purpora was "responsible" for the failure to intubate or had a "duty" to encourage the patient to accept intubation, this generalized testimony would not suffice. In medical malpractice actions, the plaintiff must prove 1) the requisite standard of care, 2) a deviation from that standard of care, and 3) a causal connection between the deviation and the claimed injury. See Williams v. Chameides, 26 Conn. App. 818, 822, 603 A.2d 1211 (1992). In cases such as this one, expert testimony is necessary to establish these three factors. Id., 822-23; Poulin v. Yasner, 64 Conn. App. 730,738, 781 A.2d 422, cert. denied, 258 Conn. 911, 782 A.2d 1245 (2001). CT Page 12205 Because the plaintiff did not produce any expert testimony from the deposition, or by affidavit, establishing the standard of care for an internist in this situation, that Purpora breached the applicable standard of care, and that this breach proximately caused the patient's injuries or death, Purpora is entitled to summary judgment. See Sullivanv. Yale-New Haven Hospital, Inc., 64 Conn. App. 750, 766, 785 A.2d 588
(2001). Accordingly, the court enters judgment for the defendants on counts one, two, three, and four.
 II
Defendant Dr. Alan Rodrigues, a pulmonologist and critical care specialist, moves for summary judgment on the ninth and tenth counts of plaintiff's second amended complaint, which are the only remaining counts. The plaintiff's malpractice case against Rodrigues rests on testimony from the plaintiff's expert that Rodrigues did not adequately inform the plaintiff's decedent of the risks of refusing to consent to intubation.[1] The difficulty for the plaintiff is that, to defeat a summary judgment, he must be entitled to litigate an issue "under [his] pleadings," (internal quotation marks omitted) New Milford Savings Bankv. Roina, 38 Conn. App. 240, 245, 659 A.2d 1226, cert. denied,235 Conn. 915, 665 A.2d 609 (1995), and the plaintiff did not plead that Rodrigues failed to inform the patient of the risks of refusing to consent.
The plaintiff counters with the fact that, in subparagraph 5c of the substantive allegations against Rodrigues, he pleaded that Rodrigues "failed to timely intubate and properly manage the Plaintiff's Decedents [sic] pulmonary condition." (Complaint, Count Nine, ¶ 5c.) But the plaintiff's five subparagraphs of allegations against Rodrigues are reasonably specific, thus giving notice to the defendants that the allegation that Rodrigues "failed to timely intubate and properly manage" is not a catch-all phrase but rather refers more narrowly and literally to the timing of the intubation and the management of the pulmonary condition. Further, the failure to inform a patient of the risks of a procedure is generally recognized as a separate claim from other types of medical malpractice. See Hammer v. Mount Sinai Hospital, 25 Conn. App. 702,706-07 n. 4, 596 A.2d 1318, cert. denied, 220 Conn. 933, 599 A.2d 384
(1991). Whether or not failure to inform is always a separate cause of action for statute of limitations or other purposes, it surely is a separate specification of negligence. See Raybeck v. Danbury OrthopedicAssociates, Inc., 72 Conn. App. 359, 363 n. 3 ___ A.2d ___ (2002). Thus, the plaintiff's argument that failure to inform falls within the allegations of "failure to timely intubate and properly manage" does not withstand scrutiny. Under the facts here, it appears that the plaintiff CT Page 12206 simply failed to plead the specification that Rodrigues did not adequately inform the decedent of the risks of refusal. Because this claim of negligence is the only one containing some evidentiary support, and because the plaintiff failed to allege this claim in his complaint, summary judgment must enter for defendant Rodrigues.
The defendant also contends that the testimony of the plaintiff's expert that Rodrigues did not adequately inform the patient of the risks of refusal is based on speculation and is therefore inadmissible. In view of the disposition of this motion, the court need not reach this issue.
Because the court has now entered summary judgment for the defendants on all remaining counts, there is no complaint left to amend. Accordingly, the court also does not have to address the question, discussed by the parties, of whether the statute of limitations bars the plaintiff from amending his complaint to allege a cause of action for "informed refusal."
Judgment shall enter for the defendants. It is so ordered.
 Carl J. Schuman Judge, Superior Court