[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 17, 1998 the defendant, Mark Lancto filed a Motion for Summary Judgment alleging that there were no material facts in dispute regarding his liability in an automobile collision which occurred on February 3, 1993. The defendant filed a Memorandum in Support of his Motion for Summary Judgment, with an appended Affidavit and a copy of the Police Report. The matter was initially set down for oral argument on April 6, 1998, at which time the court granted the Motion because no objection was filed and because plaintiff's counsel did not appear. That Order was vacated and the matter was re-calendared and argued in October, 1998. The plaintiff has neither filed an Objection to the Motion for Summary Judgment nor submitted any documentation to support its position that there are issues of material facts in dispute in this case.
The pertinent facts are as follows. The plaintiff was a passenger in a vehicle which was struck by the vehicle driven by defendant Collazo. According to the police report and the affidavit submitted by defendant Lancto, he was proceeding in a southbound direction on Weston Street, in Hartford. Defendant Collazo exited from a private driveway and struck defendant Lancto and then struck the vehicle in which the plaintiff was traveling. The allegations in the plaintiff's complaint assert that defendant Lancto was negligent in that he was speeding; failed to apply his brakes; and failed to sound his horn to give warning of the impending collision. In his affidavit Lancto CT Page 13478 attests that he was not speeding; was not inattentive and had his vehicle under proper control.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279
(1989). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like . . . The adverseparty prior to the day the case is set down for short calendarshall file opposing affidavits and other available documentaryevidence." Connecticut Practice Book, § 17-45. (Emphasis added).
"Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim withevidence disclosing the existence of such an issue." (Emphasis added.) Haesche v. Kissner, 229 Conn. 213, 217 (1994). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence."2830 Whitney Avenue Corp. v. Heritage Canal Development Associates,Inc., 33 Conn. App. 563, 567 (1994). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof. HeymanAssociates No. v. Insurance Co. of Pennsylvania, 231 Conn. 756,795 (1995). "[U]nadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact on a motion for summary judgment." New MilfordSavings Bank v. Roina, 38 Conn. App. 240, 245 (1995).
The defendant has sufficiently supported it Motion for Summary Judgment with an affidavit and other supporting documentation. Although negligence actions are generally not well suited for summary judgments and although there are unadmitted allegations in the pleadings as to Lancto's negligence, neither of these facts, alone, are sufficient to defeat the defendant's Motion for Summary Judgment. Unsupported conclusions are not enough to raise issues of disputed material facts. Gutpa v. NewBritain General Hospital, 239 Conn. 574, 583 (1996). The plaintiff has had several months to provide a factual basis for his opposition to the defendant's motion. He has failed to do so. CT Page 13479
It was incumbent upon the plaintiff to provide this court with evidence which would be admissible at trial, to establish the existence of a conflict in facts. The plaintiff seems to be relying on the allegations stated in his complaint to create the requisite issue of material facts. This reliance is misplaced. The plaintiff had a duty to provide evidentiary facts, not merely conclusory statements in its pleading. Without such proof, this court finds that there is no issue of material fact in dispute regarding the liability of the defendant Lancto. Therefore, this court grants defendant Lancto's Motion for Summary Judgment.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT