[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
In this personal injury action the plaintiff, Bruce Deedon, seeks damages allegedly sustained at a restaurant/bar known as Jasper McLevy's. By Amended Complaint dated July 23, 2002, at the time of the incident, the defendant, Friend's of Jasper McLevy's, was registered as the backer of the restaurant/bar known as Jasper McLevy's, and the defendant, Thomas N. Kelly, was the permittee.
On February 26, 1999, the plaintiff was a patron of Jasper McLevy's, when he was struck and knocked off his chair by an unidentified person. The plaintiff alleges that the perpetrator had been served alcoholic beverages at a promotional event sponsored at Jasper McLevy's by the defendant, Star Distributors. The first count of the Amended Complaint claims damages from Friend's of Jasper McLevy's and Thomas N. Kelly under the Dram Shop Statute, Connecticut General Statute § 30-102.
The second and third counts are also addressed to the defendants, Friends of Jasper McLevy's and Kelly. The second count asserts a claim of reckless sale of alcohol, and the third count alleges negligent supervision by the defendants of the unidentified perpetrator. The fourth count, which is addressed to the defendant, Star Distributors, alleges negligent supervision of the promotional event, where it was providing alcohol to patrons.
The defendants have filed motions for summary judgment. Because this matter is scheduled for trial in mid-January, 2003, the defendants appropriately requested permission to file these motions, which was granted by this court on December 9, 2002. Oral arguments were also heard on these motions on that date. The plaintiff filed a memorandum in opposition to the defendants' motions for summary judgment, without accompanying documentation, averring that material issues of fact would be presented at trial. During oral argument the plaintiff submitted one CT Page 318 document in support of his objection to the defendant's, Star Distributors, motion. This court invited the plaintiff to submit additional documents prior to January 8, 2003, the date this court anticipated rendering a decision. No additional materials were provided by the plaintiff. The motions of the defendants will be addressed separately below.
Standard
Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-81, 595 A.2d 334 (1991); Lees v. Middlesex Ins. Co.,219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing he existence of such an issue. Practice Book §§ 17-45, 17-46; Burns v. Hanford Hospital,192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v.Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978); Strada v. ConnecticutNewspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982); NewMilford Savings Bank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226
(1995).
Summary judgment should only be granted if the pleadings, affidavits and other proof submitted demonstrate that there is no genuine issue as to any material fact. Scinto v. Stam, 224 Conn. 524, 530, cert. denied,114 S.Ct. 176, 126 L.Ed.2d 136 (1993); Connell v. Colwell, 214 Conn. 242,246, 571 A.2d 116 (1991). Summary judgment is "designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried." Wilson v. City of New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989)
Mere assertions of fact are insufficient to establish the existence of an issue of material fact and cannot refute evidence that is properly presented to a court in support of a motion for summary judgment. Millerv. United Technologies Corp., 233 Conn. 732 (1995). Evidence in support CT Page 319 of motions for summary judgment and opposition to such motions must be admissible evidence. Evidence that is inadmissible cannot be relied upon for purposes of a motion for summary judgment. Fogarty v. Rashaw,193 Conn. 442, 444, 476 A.2d 582 (1984); see, Practice Book Sections 17-45, 17-46. If the non-moving party fails to respond with specific facts, the court is entitled to rely upon the facts stated in the affidavit of the movant. Id. If such affidavit, pleading or other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, the motion for summary judgment should be granted. Practice Book Section 17-49.
In considering a motion for summary judgment, it is not the court's function to decide material facts or determine the credibility of evidence. See Nolan v. Borkowski, 206 Conn. 495 (1988). However, summary judgment is appropriate "if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751
(1995), and the proper test has often been described as whether the evidence is such as to require a directed verdict. Id. 752. A verdict may be directed when the evidence, even when viewed in the light most favorable to the party opposing the motion, can only lead to the "conclusion, embodied in the verdict as directed." United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 380 (1969).
Discussion
I. Friends of Jasper McLevy's, Inc. and Thomas N. Kelly
a) Counts One and Two
Counts One (Dram Shop), and Two (Reckless Sale of Alcohol) of the Second Amended Complaint are premised on the sale of alcohol to an intoxicated individual. As emphasized by the defendants, however, there is absolutely no evidence that there was a sale of alcohol by the defendants to the unidentified assailant. Moreover, the plaintiff has provided no evidence of the perpetrator's state of sobriety.
In support of this position, the defendants submitted the certified deposition of the plaintiff who testified that he never saw the perpetrator prior to being knocked off the stool (tr. P. 48); that the first time he saw the individual was at the moment of the incident (tr. p. 48); that he doesn't recall seeing the assailant consume alcohol (tr. p. 52); that he doesn't know of anyone who knows the individual or who saw him prior to the incident (tr. pp. 52 56, 69-70); that he didn't smell any odors on the assailant (tr. p. 63); and that the alleged perpetrator CT Page 320 ran out the door after knocking him off the stool.
The plaintiff has failed to submit any evidence even suggesting that there was a sale of alcohol by the defendants to the unidentified assailant, or that the assailant was intoxicated. Based on these facts a jury could not render a verdict in favor of the plaintiff on Counts One and Two without resorting to mere speculation. Viewing the evidence in the light most favorable to the nonmoving party, the defendants would be entitled to a directed verdict on Counts One and Two.
b) Count Three
A similar analysis applies to Count Three, in which the plaintiff alleges that the incident was caused by the negligent supervision by the defendants of its patrons. "The cause of action for negligent supervision . . . is based on conduct amounting to the defendant proprietors failure to exercise reasonable care in the supervision of the conduct of the patrons or other business visitors within his establishment." Nolan v.Morelli, 154 Conn. 432, 440-441 (1967). Negligent supervision involves the breach of a duty of care owed by the proprietor to his patrons.
"We have stated that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." (Internal quotation marks omitted.)Lodge v. Arett Sales Corp., 246 Conn. 563, 572, 717 A.2d 215 (1998). Moreover, "[i]n negligence cases such as the present one, in which a tortfeasor's conduct is not the direct cause of the harm, the question of legal causation is practically indistinguishable from an analysis of the extent of the tortfeasor's duty to the plaintiff." Id. at 574.
The defendants do not guarantee that if any body comes into their establishment and is hurt, no matter how, they will pay for it. The defendants are only liable in the event that an incident happened through their negligence. Kurtz v. Lorusso, 2001 Ct. Sup. 11688, Judicial District of Waterbury (August 24, 2001, Doherty, J.). A causal relation between the defendants' conduct and the plaintiff's injury must be established, and the plaintiff bears the burden of proving that the defendants' conduct was a substantial factor in bringing about any r all of his injuries. Boehm v. Kish, 201 Conn. 385, 390-391 (1986). CT Page 321
Based on the material facts submitted by the defendant and uncontested by the plaintiff, the plaintiff's claim for negligent supervision fails as a matter of law. At best, the plaintiff can prove that an unidentified individual was in the bar, and suddenly ran at the plaintiff, knocking the plaintiff off the stool. Without some evidence as to the assailant's demeanor and condition prior to the alleged assault, or the length of time the perpetrator was on the premises, it is impossible to ascribe a duty of care by the defendants to the plaintiff. It is even unclear whether the alleged assailant was a "patron" of the establishment, rather than an individual who ran in from the street momentarily; knocking the plaintiff on the floor as he fled out the door. Legal duty should not "require that one guard against eventualities which at best are too remote to be reasonably foreseeable." Palsgraf v. Long Island RailroadCo., 248 N.Y. 339, 345, 162 N.E. 99 (1928). Moreover, without some evidence describing one defendant's conduct and/or sobriety, any connection between the actions and/or omissions of the defendants to the plaintiff's injuries is based solely upon conjecture and surmise. Viewing these facts in the light most favorable to the non moving party, the defendants would be entitled to a directed verdict as to Count Three.
For the foregoing reasons, the defendants', Friends of Jasper McLevey's and Thomas N. Kelly, Motion for Summary Judgment is granted as to all counts.
II. Star Distributors, Inc.
In Count Four of his complaint, the plaintiff alleges that the defendant, Star Distributors, Inc., was hosting a promotional event at Friends of Jasper McLevys, on the night the plaintiff was injured. The plaintiff alleges that Guinness products were distributed by the defendant, who was negligent in the supervision of the patrons at the promotional event. A sworn affidavit of Albert L. Rand, Authorized Representative of Star was submitted by Star Distributors with its Motion for Summary Judgment. Distributor, Mr. Rand testified that Star Distributors "was not involved with any promotional event at Jasper McLevy's on February 26, 1996, involving the giving out of alcoholic beverages." Moreover, Mr. Rand testified that "No employees of Star Distributors were present at Jasper McLevy's on February 26, 1996 at the time of the alleged incident."
Because Star Distributors did not own, possess or control the premises, and was not involved in any promotional event on February 26, 1996 where alcohol was distributed, the defendant argues that it owed no duty to the plaintiff. In response, the plaintiff submitted an unsworn letter authored by a claims representative of a second distributor, which CT Page 322 stated that her "information" was that the distributor for the area is question was Star Distributors. This document is insufficient evidence under the rules of practice. See: Connecticut Rules of Practice ¶¶ 17-45 and 17-46. Furthermore, it does not establish that the defendant was involved in the promotional event as alleged, or was in any way connected to the incident on February 26, 1996.
The plaintiff has not presented any facts which would give rise to a duty between the plaintiff and Star Distributors. Even if Star Distributors was hosting a promotional event at Friends of Jaspers on February 26, 1996, the duty/causation analysis above would apply.
For these reasons, the defendant's, Star Distributors, Inc., Motion for Summary Judgment is granted.
Wolven, Judge CT Page 323