[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant Town County Auto Sales, Inc. ("Town Country"), has moved for summary judgment on the Second Count of the plaintiff's Complaint, dated February 20, 2002, on the grounds that there is no genuine issue as to any material fact and it is entitled to a judgment as a matter of law based on Connecticut General Statutes §14-60.
 Facts
This suit arises out of personal injuries allegedly sustained in an automobile accident which occurred on November 8, 2000 while the plaintiff was a passenger in an automobile owned by the defendant, Town Country, and operated by the defendant, Josephine Parziale. The following facts are undisputed.
The automobile in question, a Mazda Miata, was loaned by Town Country to Parziale on the date of the accident for a test drive. At the time the vehicle was loaned to Parziale and at the time the accident occurred Parziale was covered under a policy of automobile insurance with Nationwide Insurance Company, bearing policy number 51060778875. Town Country requires proof of automobile insurance from drivers prior to allowing them to test drive vehicles. Town Country has a document which it produced in support of summary judgment which is a form agreement which bears the name and correct address of Josephine Parziale, and also bears her correct license number and indicates that she has automobile insurance through Nationwide Insurance Company, policy number 51060778875.
 Discussion of the Law and Ruling
Practice Book § 17-49 (formerly § 384) provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any CT Page 1528 material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991); Lees v. MiddlesexIns. Co., 219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430,434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 17-45, 17-46; Burns v. HartfordHospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v.Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978); Strada v. ConnecticutNewspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982); NewMilford Savings Bank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226
(1995).
Summary judgment should only be granted if the pleadings, affidavits and other proof submitted demonstrate that there is no genuine issue as to any material fact. Scinto v. Stam, 224 Conn. 524, 530, cert. denied,114 S.Ct. 176, 126 L.Ed.2d 136 (1993); Connell v. Colwell, 214 Conn. 242,246, 571 A.2d 116 (1991). Summary judgment is "designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried." Wilson v. City of New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989).
Section 14-60 of the Connecticut General Statutes provides in pertinent part:
No dealer or repairer may loan a motor vehicle or number plate or both to any person except for the purpose of demonstration of a motor vehicle, provided such person shall furnish proof to the dealer or repairer that he has liability and property damage insurance which will cover any damage to any person or property caused by the operation of the loaned motor vehicle, motor vehicle on which the loaned number plate is displayed or both. Such person's insurance shall be the prime coverage. If the person to whom the dealer or repairer loaned the motor vehicle or the number plate did not, at the time of such loan, have in force any such liability and property damage insurance, such person and such dealer or repairer shall be jointly liable for any damage to any person or property caused by the operation of the loaned motor vehicle or a motor vehicle on which the loaned number plate is displayed . . . CT Page 1529
The plaintiff and the defendant Parziale argue that there is a dispute as to whether Parziale signed the form agreement which contains her insurance information. Parziale admits that she had insurance with Nationwide Insurance Company. The plaintiff has produced a letter from Nationwide Insurance Company to Parziale which contains the same policy number that is present on Town Country's form agreement. However, Parziale cannot remember signing the form agreement and does not recognize the signature on that agreement. This factual dispute does not pertain to a material fact and is insufficient to defeat the Motion for Summary Judgment.
The plaintiff and Parziale appear to interpret § 14-60 to impose a requirement that an automobile dealer must use a prescribed written form to ascertain whether a driver has insurance before allowing the driver to drive a loaned vehicle. The statute contains no such requirement.
The purpose of the statute is to protect the public by preventing the loaning of vehicles to uninsured drivers:
 [T]he obvious intent of this statute is to protect the public by preventing the loaning of either plates or motor vehicles when the vehicle to be operated is not insured . . . [T]he intent is so obvious to protect the public . . . and require that in any situation where the individual who loans the plates or loans the automobile violates the law, he too shall be liable.
16 H.R.Proc., Pt. 8, 1973 Sess., p. 3654 (remarks of Representative Samuel S. Freedman); see also 16 S.Proc., Pt. 5, 1973 Sess., pp. 2259-60 (remarks of Senator George C. Guidera).
Contrary to the plaintiff's argument, under § 14-60, and automobile dealer will be liable to an injured person only if he lends a car to someone who is uninsured. Cook v. Collins Chevrolet, Inc., 199 Conn. 245,506 A.2d 1035 (1986). The statute proves that: "If the person to whom the dealer or repairer loaned the motor vehicle or the number plate did not, at the time of such loan, have in force any such liability and property damage insurance, such person and such dealer or repairer shall be jointly liable for any damage to any person or property caused by the operation of the loaned motor vehicle or a motor vehicle on which the loaned number plate is displayed . . ." The statute does not provide for any liability on the part of the dealer if the driver had insurance at the time of the accident, but the dealer's documentation of same was inadequate.
The driver of the vehicle, Parziale, had insurance at the time she allegedly injured the plaintiff. Therefore, Town Country is not liable to the plaintiff under Cook v. Collins Chevrolet, Inc.,199 Conn. 245, 506 A.2d 1035 (1986), and summary judgment may enter in favor of Town Country on the Second Count of the Complaint.
By the court,
Aurigemma, J. CT Page 1530
[EDITORS' NOTE: This page is blank.] CT Page 1531