[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant, People's Bank, moves this court for summary judgment on Count V of the plaintiff's complaint, for the reason that there is no disputed issue of material fact and it is entitled to judgment as a matter of law.
Facts
The plaintiff, Daley Construction Co., Inc., is a business who employed the co-defendant, Remo Petrucelli, as an internal accountant. In August 1996, the plaintiff opened a checking account with the defendant, People's Bank; the only authorized signatures on this account were John Daley, Jr. and John Daley, III, officers of the company. The plaintiff has alleged that between November 15, 1996 and October 27, 1997, Remo Petrucelli forged these authorized signatures and cashed checks on the People's account. During that time period People's Bank sent monthly statements to the plaintiff, in which were enclosed the cancelled checks catalogued by date, number and amount. In November 1997, John Daley, III, discovered two forged checks and within the next few weeks informed People's bank concerning them. A subsequent investigation revealed that checks totaling $217,968.33 had been cashed by the co-defendant on the plaintiff's People's account.
The plaintiff brought this action to recover payments on the forged checks in five counts. The only count applicable to the defendant, People's Bank, is Count V, in which the plaintiff alleges that the defendant was negligent in cashing the checks deposited by Pettrucelli. The defendant, People's Bank, sought the leave of the court to file this Motion for Summary Judgment because trial is scheduled for March 26, 2003. Permission was granted and the defendant filed this motion, with an accompanying affidavit and exhibits on November 1, 2002. The plaintiff filed an objection on January 10, 2003, without supporting documents, however, states that it relies on the documents submitted by the CT Page 2235 defendant. The defendant filed a reply memorandum on January 10, 2003. This court heard oral argument on January 27, 2003.
Standard of Review
Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 780-81, 595 A.2d 334 (1991); Lees v. Middlesex Ins. Co.,219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 17-45, 17-46; Burns v. Hanford Hospital,192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v.Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978); Strada v. ConnecticutNewspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982); NewMilford Savings Bank v. Roina, 38 Conn. App. 240, 243-44, 659 A.2d 1226
(1995).
Summary judgment should only be granted if the pleadings, affidavits and other proof submitted demonstrate that there is no genuine issue as to any material fact. Scinto v. Stam, 224 Conn. 524, 530, cert. denied,114 S.Ct. 176, 126 L.Ed.2d 136 (1993); Connell v. Colwell, 214 Conn. 242,246, 571 A.2d 116 (1991). Summary judgment is "designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried." Wilson v. City of New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989).
Mere assertions of fact are insufficient to establish the existence of an issue of material fact and cannot refute evidence that is properly presented to a court in support of a motion for summary judgment. Millerv. United Technologies Corp. , 233 Conn. 732 (1995). Evidence in support of motions for summary judgment and opposition to such motions must be admissible evidence. Evidence that is inadmissible cannot be relied upon for purposes of a motion for summary judgment. Fogarty v. Rashaw,193 Conn. 442, 444, 476 A.2d 582 (1984); see, Practice Book Sections 17-45, CT Page 2236 17-46. If the nonmoving party fails to respond with specific facts, the court is entitled to rely upon the facts stated in the affidavit of the movant. Id. If such affidavit, pleading or other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, the motion for summary judgment should be granted. Practice Book § 17-49.
Discussion
The gravamen of the defendant's argument is that under the provisions of the Uniform Commercial Code, Connecticut General Statutes §§42a-4-406[1] and 42a-3-307, the defendant is immune from liability. Specifically, the defendant asserts that when a bank sends a monthly statement of account to the customer it is the duty of the customer to examine the statement with reasonable promptness. § 42a-4-406 (c). Moreover, it is the responsibility of the customer to report to the bank any unauthorized payment which the customer could reasonably have discovered. Id.
If the bank proves that the customer failed to examine and detect an unauthorized check within a reasonable time, the customer is precluded from asserting against the bank the customer's unauthorized signature on the item forged. The customer is also precluded from asserting against the bank subsequent forged items by the same wrongdoer. § 42a-4-406
(d). The statute further articulates that a reasonable amount of time within which a customer should review a statement and report anomalies is "not exceeding thirty days." The defendant argues strenuously that because the uncontested facts demonstrate that People's Bank complied with §§ 42a-4-406 (a) (c) and (d), the plaintiff cannot pursue this claim against it.
The plaintiff does not dispute the above, but rather, asserts that because the bank failed to exercise ordinary care when paying on the checks, the preclusion provisions of § 42a-4-406 (d) do not apply. Essentially, the plaintiff avers that the co-defendant cashed all the checks, but one, at the teller window, and ordinary care would require the teller to identify the signature as forged and refuse payment. The plaintiff cites to defendant's exhibit I as evidence that the checks were cashed at the window. Because the defendant failed to use reasonable care in this regard, the plaintiff posits it is still liable under the Code. § 42a-4-406 (e). The court must view the evidence in the light most favorable to the nonmoving party; accordingly, accepts the plaintiff's interpretation of Exhibit I as demonstrating that the checks were cashed at the teller window. CT Page 2237
The defendant argues that Connecticut General Statute §42a-3-103[2] defines the standard of care in this instance where the checks were automatically processed. Further, People's Bank submitted an affidavit of an employee, Evelyn Mansfield, who is a Financial Services Associate at the bank. (Defendants Exhibit A.)
According to Ms. Mansfield:
 Like all major financial institutions in Connecticut and throughout the nation, People's Bank uses automated systems to process the millions of checks presented to it every business day. This technology, which makes modern-era banking possible and minimizes costs to all customers, involves high-speed machines and computers to read information magnetically encoded onto each check. Like comparable banks, People's Bank does not and cannot visually examine every check or compare every signature for authenticity. People's Bank processed the checks at issue in this litigation using these automated systems and procedures.
¶ 8. Ms. Mansfield's testimony is clear: the automated procedures employed by People's Bank are consistent with its own and general banking procedures. Ms. Mansfield, however, does not address whether or not People's Bank adhered to its own policies or those of the general banking community when it dealt with the alleged forger face-to-face. Moreover, the protections of Connecticut General Statute § 42a-3-103 (a) (7) are not applicable when the check was presented across the teller window. "The last sentence of 3-103 (a) (7) addresses electronic and mechanical dealing with checks and with data from checks, but it doesnothing to protect a bank that deals face to face with the embezzler." (Emphasis added.) 2 J. White and R. Summers, Uniform Commercial Code (4th. Ed. 1995) § 19-3, pp. 251-52; see also Grand Rapids AutoSales, Inc. v. MBNA American Bank, National Association,227 F. Sup.2d 721, 727 (W.D.Mich. 2002).
The defendant argues that the plaintiff still has the burden of proving that the defendant failed to adhere to reasonable banking standards in this instance; the plaintiff has provided no evidence on this issue. The court is in full agreement. Nonetheless, to prevail in this motion the defendant must demonstrate that there is an absence of material fact on the issue of banking standards applicable in a face-to-face dealing. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any issue of material fact." (Internal quotation marks omitted.) Wittv. St. Vincent's Medical Center, 252 Conn. 363, 372-73, 746 A.2d 753
(2000). The defendant has failed to present evidence on this issue; accordingly, has not met its burden as to this motion. CT Page 2238
The Motion for Summary Judgment is denied.
By The Court,
Wolven, Judge